**UNITED STATES of America,
Appellee,**

v.

**John DREIZLER, Defendant–
Appellant.**

**No. 02–1289.**

United States Court of Appeals,
Second Circuit.

Oct. 22, 2003.

Guy Oksenhendler, Law Offices of Guy Oskenhendler, New York, NY, for Appellant.

Mark A. Racanelli, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, on the brief; Cathy Seibel, Assistant United States Attorney), New York, NY, for Appellees, of counsel.

PRESENT: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant John Dreizler appeals from a judgment of the United States District Court for the Southern District of New York (Brieant, *J.*), following conviction by a jury for armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and carrying a brandished firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Dreizler was sentenced to 189 months' incarceration, three years' supervised release, restitution of $19,927 and a $300 mandatory assessment. On appeal, Dreizler challenges the evidentiary basis for the jury's conviction as well as his sentence.

■ We must affirm the conviction if, viewing the evidence in the light most favorable to the prosecution, and drawing all reasonable inferences, we conclude that, " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Best,* 219 F.3d 192, 200 (2d Cir. 2000) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in *Jackson* )). Dreizler argues that the evidence against him was insufficient to sustain a conviction under 18 U.S.C. §§ 2113(a),(d), and 924(c)(1)(A)(ii) because each piece of evidence, considered individually, was subject to an innocent explanation. Because we find this argument unpersuasive, we affirm.

As a threshold matter, Dreizler confessed to the crime,[1] providing details of the crime that only the perpetrator would know. For example, Dreizler told the police what he was wearing at the time of the robbery, he described the type of firearm used to commit the crime, and described the bank tellers present during the crime. Essentially, Dreizler described all of the key events of the crime, and these details were corroborated by eyewitness testimony. Based on his corroborated confession, a reasonable jury had ample evidence to infer Dreizler's guilt beyond a reasonable doubt. *See, e.g., United States v. Gargiso,* 456 F.2d 584, 587–88 (2d Cir.1972) (holding that confessions by defendants are sufficient to establish guilt when there is adequate and independent corroboration for those confessions); *see also United States v. Gresham,* 585 F.2d 103, 106 (5th Cir. 1978) (holding that corroboration of details in a confession can sustain a conviction).

Dreizler argues that his confession was unreliable because there were discrepancies between his confession and the testimony of witnesses. First, Dreizler argues that the witnesses' descriptions of the perpetrator are inconsistent with his appearance. Those witnesses that testified about the perpetrator's skin color, did so hesitantly, because the perpetrator was almost completely covered, and they had little opportunity to observe his skin color. [SA 50, 53, 75, 78] Based on their limited opportunity to observe the perpetrator's skin color, they testified that his skin tone was either "dark-skinned white" or "olive."

---

1. Dreizler contends that his confession was coerced because law enforcement officials informed him that he faced a harsh sentence for another, unrelated, offense. First, this Court has held that the mere mention of the possible sentence facing the defendant and the benefits of cooperation does not, without more, constitute coercion. *See United States v. Bye,* 919 F.2d 6, 9–10 (2d Cir.1990). Moreover, the record demonstrates that Dreizler's confession was voluntarily made. Law enforcement officials carefully and repeatedly warned Dreizler not "to take the blame for somebody else," [SA 128, 129], and after extended consultation with his attorney, Dreizler fully confessed to the crime and provided details from which a jury could reasonably infer he was the perpetrator.

[SA 53, 75] The jury had ample opportunity to observe Dreizler at trial and had reason to conclude that the defendant's skin tone was not inconsistent with the evidence proffered by the eyewitnesses. [SA 104] Second, Dreizler argues that while the sweatshirt recovered from him bore a logo over the left breast, the sweatshirt described by witnesses did not. Videotape evidence presented at trial, however, showed that the perpetrator wore an outer garment over the sweatshirt during the commission of the crime. Based on this evidence, as well as the fact that the sweatshirt recovered was sufficiently similar in color, type, and size to that described by witnesses, a reasonable jury could have inferred that the sweatshirt recovered was the one worn by the perpetrator. Finally, Dreizler claims that he confessed to carrying a laundry bag during the robbery, while the witness tellers testified that the perpetrator had used a duffel bag. Again, this minor discrepancy, in light of Dreizler's corroborated confession and the other evidence presented at trial, is immaterial. Viewed in its totality, and in the light most favorable to the government, we find the evidence presented was such that a reasonable jury could have inferred Dreizler's guilt beyond a reasonable doubt.

▆ Defendant argues further that the two-level sentence enhancement imposed by the district court, pursuant to Sentencing Guideline § 3C1.1, was improper because the investigation was not significantly impeded by his conduct, and, therefore, there was no obstruction of justice. "In reviewing a sentence imposed under the Guidelines, we may not overturn the district court's findings of fact unless they are clearly erroneous, and we must give due deference to the district court's application of the [G]uidelines to the facts. We will not overturn the court's application of the Guidelines to the facts before it unless we conclude that there has been an abuse of discretion." *U.S. v. Hamilton*, 334 F.3d 170, 188 (2d Cir.2003) (internal quotations and citations omitted).

The district court's imposition of a two-level enhancement for obstruction of justice under § 3C1.1, was appropriate. During the initial interview, Dreizler first identified one individual as the perpetrator. [SA 109–11] The police immediately began to investigate that lead, which proved fruitless, as the individual had a confirmed alibi. [SA 116] Dreizler later identified another individual as the perpetrator, and named himself as a lookout for the crime. Again, law enforcement officials investigated two individuals, using the names provided by Dreizler, and confirmed their alibis. [SA 117]. It was only after police investigated and confirmed the individuals' alibis that Dreizler confessed to the robbery.

Dreizler's argument that these fabrications do not rise to the level of obstruction of justice simply because law enforcement did not expend a significant amount of time investigating the false leads is without merit. Section 3C1.1 is applicable if the defendant "willfully obstructed or impeded ... the administration of justice." Here, the sentencing court properly found that Dreizler willfully impeded law enforcement's investigation of the crime. The court found that the underlying facts that constitute the obstruction are undisputed by the defendant—Dreizler admitted that he falsely accused two innocent people, in order to protect himself from police suspicion. [SA 122–23] Moreover, the court correctly noted that the fact that law enforcement officials were only required to expend a few days investigating the false leads was merely fortuitous. Dreizler's conduct had the potential to significantly obstruct the investigation, and unnecessarily exposed two people to criminal prosecution. Thus, the district court was entitled to impose a two-level enhance-

ment because there was clearly an attempt to obstruct justice and likely an actual obstruction.

For these reasons, the judgment of the district court is AFFIRMED.